### ABEGG et al. v. UNITED STATES.

(Circuit Court, S. D. New York. February 6, 1896.)

#### No. 1,942.

CUSTOMS DUTIES—PROTEST BY AGENT.

A protest filed by apparent strangers to the goods, without any intimation that the act was done for the person who swore in the invoice that he was the owner, is ineffectual; nor will the fact that the owner is connected with one of the departments of the establishment of the persons making the protest authorize the inference that they were agents of the goods, within the meaning of the fourteenth section of the customs administrative act.

Appeal by the importers from a decision of the board of general appraisers which sustained the action of the collector in assessing duty upon the importations in question.

D. I. Mackie, for plaintiffs.
J. T. Van Rensselaer, Asst. U. S. Atty.

COXE, District Judge (orally). The merchandise in controversy was imported by one William Robertson, who swore in the invoice

that he was the owner of the goods. The protest was filed by Abegg & Rusch, without any intimation upon the protest that they acted for Robertson in any capacity whatever. The board of general appraisers refused to entertain jurisdiction, for the reason that no proper protest had been filed. It is now for the first time suggested that the protest is valid for the reason that Abegg & Rusch acted as the agent for the merchandise in question. The burden of proof is upon the importer to satisfy the court that such agency existed. It will be observed that section 14 of the customs administrative act permits a protest to be made by the importer, consignee, or agent of the merchandise; not agent of the importer or consignee, but of the merchandise itself. It seems to me that there is a failure to establish that Abegg & Rusch were the agents of the merchandise in question. Robertson was the owner. Robertson has not been produced as a witness, nor is he a party in any way to this litigation. The mere fact that he was connected with one of the departments of Abegg & Rusch comes very far short, in my judgment, of establishing the fact that they were the agents of Robertson's goods. If Robertson had been produced as a witness and had testified that he gave these men the authority to make this protest, or if there were a written authorization filed in the custom house to that effect, it would be a very different matter; but Robertson is an entire stranger to this controversy, and it seems to me that the evidence fails to establish such agency as is contemplated by section 14. The decision of the board of appraisers is affirmed.