(C.D. 4199)

SHIGOTO INTERNATIONAL CORP v. UNITED STATES

United States Customs Court, First Division

(Decided April 13, 1971)

*James G. McGoldrick* for the plaintiff.
*L. Patrick Gray, III*, Assistant Attorney General (*Velta A. Melnbrencis*, trial attorney), for the defendant.

Before WATSON, MALETZ, and RE, Judges

MALETZ, Judge: These two protests—which were consolidated for trial—involve certain items imported from Japan via the port of Philadelphia that were described on the consumption entries as (among other things) "sockets and wires for motors." They were classified by the government under paragraph 1513 of the Tariff Act of 1930 as parts of toys and assessed duty at the rate of 35 percent. Plaintiff claims primarily that the imports should be classified under paragraph 353 as articles in chief value of metal, suitable for distributing electrical energy, dutiable at 15 percent.

Defendant now seeks dismissal of the protests for lack of jurisdiction, claiming that they were not filed by a statutorily authorized

party.[1] We agree that the protests must be dismissed for that reason.

Section 514 of the Tariff Act of 1930 (19 U.S.C. § 1514) specifically provides that all decisions of the collector as to the rate and amount of duties chargeable and as to all exactions, and his liquidation of an entry, shall be final unless the *importer, consignee, or agent of the person paying such charge or exaction* shall file a protest. Considering the present situation, the official court papers in both protests show that the imported merchandise was purchased and imported by Shigoto Industries, Ltd. for its own account. The protests, however, in both cases were filed by "Shigoto International Corp." Shigoto International, it is to be added, is not just another name for Shigoto Industries, Ltd. but rather is a completely different and separate company. This is demonstrated by the following excerpt from the record (R. 2–3) :

> Q. Mr. Rubin, what is your capacity or your employment with Shigoto Industries, Inc. ?
> A. I am the president of the company.
> Q. Are you associated with any other importing companies?
> A. Yes; I am.
> Q. Would you tell the court what they are ?
> A. They are three companies, Shigoto International, Shigoto Industries, and Sekai Manufacturing Company.
> Q. Is Shigoto Industries a New York corporation ?
> A. All three of them are New York corporations.

Against this background, there is nothing in the record even remotely suggesting that Shigoto International Corp. acted at any time as the *agent* of the importer, Shigoto Industries, Ltd., for any purpose whatever. In sum, since the record fails to show that Shigoto International Corp. was the importer, the consignee or the agent of the person paying the charge, it has no standing to protest the action of the collector. See e.g., *Abegg* v. *United States*, 71 Fed. 960 (C.C. S.D.N.Y. 1896) ; *United States* v. *F. L. Kraemer & Co.*, 17 CCPA 448, T.D. 43879 (1930) ; *Gibraltar Warehouses* v. *United States*, 68 Treas. Dec. 400, T.D. 47933 (1935). It is true that the collector denied the present protests on the merits, but he had no authority to waive the jurisdictional requirement imposed by statute. E.g., *United States* v. *Schefer*, 71 Fed. 959 (C.C. S.D.N.Y. 1896) ; *Guggenheim Smelting Co.* v. *United States*, 112 Fed. 517 (3d Cir. 1901), *cert. den.* 186 U.S. 485 (1902) ; *Allison* v. *United States*, 11 Ct. Cust. Appls. 297, T.D. 39126 (1922). It is also true that by order of the court the protests were, without objection by the government, amended to include other claims. However, in the absence of a valid protest, the court lacked

---

[1] Lack of jurisdiction may, of course, be raised at any time during the pendency of a case. *E.g., The Best Foods, Inc.* v. *United States*, 37 Cust. Ct. 1, C.D. 1791, 147 F. Supp. 749 (1956).

jurisdiction to amend even though the government interposed no objection. See e.g., *Slazengers, Inc.* v. *United States*, 39 Cust. Ct. 142, C.D. 1919, 158 F. Supp. 726 (1957); *National Carloading Corporation* v. *United States*, 44 Cust. Ct. 493, Abstract 64258 (1960); *J. R. Press Corporation* v. *United States*, 45 Cust. Ct. 382, Abstract 64924 (1960).

The protests are dismissed. Judgment will be entered accordingly.