(C.D. 4724)

ATAKA AMERICA, INC. *v.* UNITED STATES

Court No. 75-9-02377

(Dated December 9, 1977)

*Serko & Simon* (*Margaret H. Sachter* of counsel) for the plaintiff.
*Barbara Allen Babcock,* Assistant Attorney General (*Sidney H. Kuflik,* trial attorney), for the defendant.

BOE, Judge: The defendant presently moves to dismiss this action for lack of subject matter jurisdiction, arguing that the protest was not timely filed by the plaintiff and that at the time the protest herein was filed, a previous protest covering the same entry had been made.

The articles involved are gas chromatograph parts which entered this country on October 17, 1971, under entry No. K185002. The entry was liquidated on December 14, 1973. Upon this liquidation, the merchandise was appraised with an advance from the entered value, and was classified under item 712.49, TSUS, with duty at the rate of 10% ad valorem. In addition, the entry was subjected to a supplemental duty of 10% ad valorem pursuant to Presidential Proclamation 4074. On January 3, 1974, the plaintiff filed protest No. 1001-4-000122 against this liquidation, contesting solely the validity of the supplemental duty under the Presidential Proclamation. This protest was denied on August 9, 1974. On January 21, 1975, plaintiff filed a timely summons, Court No. 75-1-00203, to contest this denial.[1]

On June 24, 1974, however, the Customs Service reliquidated entry No. K185002 and reduced the appraised value of the merchandise to the entered value.[2] No change was made with respect to the classification of the merchandise or to the imposition of the supplemental 10% duty under Presidential Proclamation 4074. Nevertheless, on September 19, 1974, the plaintiff filed a second protest—No. 1001-4-011705—which again challenged only the validity of the supplemental duty under the Presidential Proclamation. This protest was denied on April 11, 1975, for the express reason that Court No. 75-1-00203,

---

[1] Court No. 75-1-00203 was dismissed on February 4, 1977, pursuant to rule 14.6(c), for failure of the plaintiff to prosecute.

[2] The reasons for and propriety of this reliquidation, though not apparent from the papers on file in this case, are issues with which this court need not concern itself in the determination of this motion.

dealing with the same entry, was then pending in this court. A summons commencing the instant action was thereafter filed on September 17, 1975, contesting the denial of the second protest.

The jurisdiction of this court is defined by 28 U.S.C. § 1582. With particular relevance to this case, the section provides:

§ 1582. Jurisdiction of the Customs Court.

\* \* \* \* \* \* \*

(c) The Customs Court shall not have jurisdiction of an action unless (1) \* \* \* a protest has been filed, as prescribed by section 514 of the Tariff Act of 1930, as amended \* \* \* .

Section 514 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1514, sets forth the requirements for a valid protest, which, under 28 U.S.C. § 1582(c), is a condition precedent to this court obtaining jurisdiction. Section 1514 provides in pertinent part:

§ 1514. Protest against decision of appropriate customs officer.

\* \* \* \* \* \* \*

(b) Form, number, and amendment of protest; filing of protest.

(1) A protest of a decision under subsection (a) of this section shall be filed in writing with the appropriate customs officer \* \* \*, setting forth distinctly and specifically each decision described in subsection (a) of this section as to which protest is made; \* \* \*. *Only one protest may be filed for each entry of merchandise*, except that where the entry covers merchandise of different categories, a separate protest may be filed for each category. \* \* \*

(2) A protest of a decision, order, or finding described in subsection (a) of this section shall be filed with such customs officer within ninety days after but not before—

(A) notice of liquidation or reliquidation, or

(B) in circumstances where subparagraph (A) is inapplicable, the date of the decision as to which protest is made.

(c) Limitation on protest of reliquidation.

*The reliquidation of an entry shall not open such entry so that a protest may be filed against the decision of the customs officer upon any question not involved in such reliquidation.* [Emphasis added.]

It is acknowledged by both parties that the sole purpose of the reliquidation in the instant proceeding was to reduce the appraised value of the merchandise. The validity of Presidential Proclamation 4074, upon which plaintiff's initial protest (No. 1001–4–000122) was based, was "not involved in such reliquidation." Accordingly, the protest against this reliquidation could and did not validly challenge the legality of the supplemental duty. See 19 U.S.C. § 5114(c).

As hereinbefore noted, at the time the instant protest to the reliquidation was filed on September 19, 1974, a timely protest contesting the supplemental duty on the subject entry had previously been filed by the plaintiff and denied by the defendant. The plaintiff con-

tends, however, that it was necessary to file the instant protest because the reliquidation of the entry on June 24, 1974, rendered the entire original liquidation, and the protest therefrom, a nullity. At one time, this was a correct statement of customs law. See *United States* v. *Godchaux Sugars, Inc.*, 11 Ct. Cust. Appls. 529, T.D. 39678 (1923), and cases cited therein. However, in enacting section 514 of the Tariff Act of 1930, Congress provided that only matters which were involved in a reliquidation could be the subject of a protest therefrom. As the Committee on Ways and Means of the House of Representatives explained:

> Under the existing law, it has been held that a reliquidation opens up the whole entry to protest. It is thus possible for an importer having an entry with a large number of items to protest one item at a time and thereby keep the entire entry from final liquidation indefinitely. Your committee proposes the imposition of a limitation that reliquidation of an entry will not open the entry to protest upon any question not involved in the reliquidation. [H. Rep. No. 7, 71st Cong., 1st Sess. at p. 179 (1929).]

Thus, under the statutes presently applicable herein, the original liquidation was nullified only as to the question with which the reliquidation dealt (appraised valuation). As to all other matters, not the subject of reliquidation, the original liquidation remained in full effect.[3] The filing of the protest by the plaintiff in the instant action against the reliquidation of the regional commissioner again challenging the validity of Presidential Proclamation 4074, therefore, must be regarded as the filing of a second protest on the same entry of merchandise contrary to the provisions of 19 U.S.C. § 1514(b)(1).

The motion to dismiss by the defendant will be granted.

Let an order be entered accordingly.

---

[3] Protest No. 1001-4-000122 accordingly was properly filed against the first liquidation and led to the timely filing of the summons in Court No. 75-1-00203. However, the plaintiff's failure to prosecute that action pursuant to the rules of this court resulted in its dismissal in February of 1977.