**PHILIP MORRIS U.S.A., A DIVISION OF PHILIP MORRIS INCORPORATED, Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Court No. 88-02-00070.**

United States Court of International Trade.

July 6, 1989.

Arnold & Porter (Patrick F.J. Macrory and Michael T. Shor), Washington, D.C., for plaintiff.

Stuart E. Schiffer, Acting Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Director, Commercial Litigation Branch, Civil Div., U.S. Dept. of Justice (John J. Mahon), New York City, for defendant.

DiCARLO, Judge:

Philip Morris U.S.A. (importer) challenges the denial of its protest against classification of five entries of tobacco, which the United States Customs Service reliquidated after filing of the protest. The government moves pursuant to Rule 12(b) of the Rules of this Court to dismiss the importer's action for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction.

The Court finds that the importer was required to file a timely protest against an entry which Customs reliquidated after the statutory time for reliquidation had expired. The Court also finds that 19 U.S.C. § 1514(c)(2)(A) requires an importer to file a protest challenging reliquidation even if the protest is essentially identical to a prior protest against liquidation. As the importer failed to file a timely protest against reliquidation, the Court grants the government's motion to dismiss.

## BACKGROUND

The importer entered its merchandise as "scrap tobacco" under item 170.60 of the Tariff Schedules of the United States (TSUS). Customs sent the importer a "preliquidation notice" stating that Customs intended to liquidate the tobacco under item 170.35, TSUS (stemmed leaf). Despite the preliquidation notice, Customs subsequently liquidated the tobacco as entered under item 170.60, TSUS.

The importer filed a protest claiming the tobacco was classifiable under item 170.28, TSUS (Oriental leaf, not stemmed), or item 170.60, TSUS, under which the tobacco had

been liquidated. Customs then reliquidated five entries under item 170.35, TSUS, the classification stated in the preliquidation notice. One of these reliquidations occurred after the 90 day limit under 19 U.S.C. § 1501 (1982).

The importer did not file another protest after the reliquidations under item 170.35, TSUS. Customs subsequently denied the protest because the "[c]lassification is correct under [item] 170.35, according to file information, reports and [an] import specialist[']s observation of [the] process."

## DISCUSSION

■ The government argues that the Court lacks subject matter jurisdiction because no protest was filed after reliquidation of importer's merchandise and the reliquidations became final and conclusive upon all persons. Once the jurisdiction of the court is challenged, the burden is on the plaintiff to prove that jurisdiction is proper. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); *Dennison Mfg. Co. v. United States*, 12 CIT ——, 678 F.Supp. 894, 896 (1988); *Lowa Ltd. v. United States*, 5 CIT 81, 83, 561 F.Supp. 441, 443 (1983, *aff'd*, 2 Fed.Cir. (T) 27, 724 F.2d 121 (1984). Moreover, waivers of sovereign immunity are to be strictly construed. *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941); *United States v. Boe*, 64 CCPA 11, 15, C.A.D. 1177, 543 F.2d 151, 154 (1976).

The importer alleges jurisdiction under 28 U.S.C. § 1581(a) (1982), which provides for exclusive jurisdiction in the Court of International Trade over any civil action commenced to contest the denial of a protest under 19 U.S.C. § 1515(a) (1982). *See Traveller Trading Co., Inc. v. United States*, 11 CIT ——, Slip Op. 87–143, at 3, 1987 WL 31146 (Dec. 30, 1987). To contest the tariff classification of merchandise, a protest must be filed with Customs within ninety days after, but not before, notice of liquidation or reliquidation. 19 U.S.C. § 1514(c)(2)(A) (1982). *See also* 19 C.F.R. § 174.12 (1988). If no timely protest is filed, the liquidation or reliquidation becomes final and conclusive against all parties under 19 U.S.C. § 1514(a) (1982).

## A. ENTRY RELIQUIDATED BEYOND THE 90 DAY PERIOD

The importer argues that reliquidation of entry no. 86–411207–9 is void because Customs reliquidated the entry more than 90 days after the notice of liquidation in contravention of the time limit in 19 U.S.C. § 1501 (1982). The government counters that even an unlawful reliquidation must be the subject of a timely protest in order for the Court of International Trade to exercise jurisdiction under 28 U.S.C. § 1581(a) (1982).

■ Customs may reliquidate imported merchandise even after an importer files a protest:

A liquidation made in accordance with section 1500 of this title or any reliquidation thereof made in accordance with this section may be reliquidated in any respect by the appropriate customs officer on his own initiative, notwithstanding the filing of a protest *within ninety days* from the date on which notice of the original liquidation is given to the importer....

19 U.S.C. § 1501 (1982) (emphasis added).

■ An unlawful reliquidation by Customs is not void, but rather is merely voidable. *Omni U.S.A., Inc. v. United States*, 840 F.2d 912, 915 (Fed.Cir.), *cert. denied*, —— U.S. ——, 109 S.Ct. 56, 102 L.Ed.2d 34 (1988); *United States v. A.N. Deringer, Inc.*, 66 CCPA 50, 55, C.A.D. 1220, 593 F.2d 1015, 1020 (1979); *Computime Inc. v. United States*, 9 CIT 553, 556–57, 622 F.Supp. 1083, 1086 (1985). Neither the legality nor correctness of a reliquidation by Customs may be disturbed unless a timely protest is filed according to the procedures in 19 U.S.C. § 1514 (1982 & Supp. V 1987), and failure to do so within the stated period leaves the reliquidation final. *See United States v. Utex Int'l Inc.*, 857 F.2d 1408 (Fed.Cir.1988); *Omni U.S.A., Inc. v. United States*, 840 F.2d 912 (Fed.Cir.), *cert. denied*, —— U.S. ——, 109 S.Ct. 56, 102 L.Ed.2d 34 (1988). As the importer filed no timely protest against this untimely reliqui-

dation, the Court is without jurisdiction under 28 U.S.C. § 1581(a) (1982) as to this entry.

## B. TIMELY RELIQUIDATIONS

As to the remaining entries, the government argues that the protest did not contest a decision of Customs as to classification and rate of duty because reliquidation was the "final action" of Customs. The government claims the importer was required to file a second protest after reliquidation. The government relies upon *United States v. Parkhurst & Co.*, 12 Ct.Cust. App. 370, 372–73, T.D. 40,522 (1924), where the court stated:

Whether the collector reliquidates because of a protest of the importer or on order of the Secretary of the Treasury or because he believes the original liquidation to be incorrect, the reliquidation vacates and is substituted for the collector's original liquidation. The reliquidation, not the original liquidation, is the final decision of the collector as to the rate and amount of duty to be paid by the importer, and the time to protest begins to run from the date of the latest liquidation.

*See also Robertson v. Downing*, 127 U.S. 607, 613, 8 S.Ct. 1328, 1330, 32 L.Ed. 269 (1888) (the time to protest begins to run when the entries have been finally liquidated, and not from a previous liquidation which has been abandoned).

The government states that although the law in *Parkhurst* was modified by enactment of 19 U.S.C. § 1514(d) in that only matters which were involved in the reliquidation could be the subject of a protest against reliquidation, the reliquidations in this case changed the classifications of the merchandise and therefore had to be the subject of a timely protest after the reliquidations if they were to be challenged. *Defendant's Motion to Dismiss*, at 7.

The importer counters that, once having validly contested the classification of merchandise after liquidation, it is not required and indeed was prohibited from filing a second protest under 19 U.S.C. § 1514(c)(1) (1982), which states that "[o]nly one protest

may be filed for each entry of merchandise...." The importer also argues that under 19 U.S.C. § 1514(d) (1982) it would have been prohibited from raising claims in a protest against reliquidation that had already been raised in a protest against liquidation. 19 U.S.C. § 1514(d) (1982) provides that reliquidation "shall not open such entry so that a protest may be filed against the decision of the customs officer upon any question not involved in such reliquidation." 19 U.S.C. § 1514(d) (1982).

19 U.S.C. § 1514(c)(2)(A) (1982) requires that a protest be filed "within ninety days after but not before ... notice of liquidation or reliquidation." Since reliquidation is the final protestable action by Customs, 19 U.S.C. § 1514(c)(2)(A) generally requires an importer to file a protest against reliquidation in order to seek judicial review of the reliquidation. Use of the disjunctive "or" in this provision does not allow the importer to choose whether or not to protest a reliquidation once it has validly protested liquidation of the same entry. This provision merely recognizes that protests are possible and/or necessary depending upon the circumstances of each case.

 Use of the disjunctive in 19 U.S.C. § 1514(c)(2)(A) also does not permit Customs to confer jurisdiction on this Court by treating the importer's protest against liquidation as a protest against reliquidation. Customs has no authority to waive a jurisdictional requirement imposed by statute. *See Shigoto Int'l Corp. v. United States*, 66 Cust.Ct. 252, 253, C.D. 4199 (1971) (Customs' denial of a protest filed by an improper party did not confer jurisdiction).

The importer cites *Webcor Elec. v. United States*, 79 Cust.Ct. 137, C.D. 4725, 442 F.Supp. 95 (1977), in support of its contention that the one protest rule in 19 U.S.C. § 1514(c)(1) prohibits the filing of a protest against reliquidation which is identical to the protest filed against a prior liquidation. In *Webcor*, the importer filed two protests on the same entry, one challenging a surcharge applied to the merchandise, and the second challenging Customs' classification of the same merchandise. The court held

that under 19 U.S.C. § 1514(c)(1), the importer could file only one protest on the same category and entry of merchandise. *Webcor* did not involve a reliquidation after the filing of a protest. While 19 U.S.C. § 1514(c)(1) prohibits the filing of multiple protests on the same entry after liquidation or reliquidation, the rule does not preclude the importer from protesting a reliquidation when it has already filed a valid protest following liquidation.

The importer also argues that *Computime, Inc. v. United States*, 8 CIT 259, 601 F.Supp. 1029 (1984), *aff'd*, 772 F.2d 874 (1985), *Audiovox Corp. v. United States*, 8 CIT 233, 598 F.Supp. 387 (1984), *aff'd*, 764 F.2d 848 (1985), and *United States v. Ataka America, Inc.*, 79 Cust.Ct. 135, C.D. 4724, 550 F.2d 33 (1977), support its argument that 19 U.S.C. § 1514(d) prohibited it from filing a protest against reliquidation which would have been identical to its protest against liquidation.

*Computime, Audiovox,* and *Ataka* are inapplicable to the facts of this case. Those three cases involved different categories of issues, each of which the court in those cases held could not be asserted for the first time at reliquidation. In *Computime,* the importer protested Customs' classification of watch modules, but, added a protest against Customs' classification of watchbands following reliquidation. The court held that the importer could not challenge the classification of a separate category of merchandise for the first time at reliquidation which it could have raised in its protest against the initial liquidation.

Similarly, in *Audiovox,* the importer protested Customs' classification of its merchandise following liquidation, but raised the separate issue of duty free treatment under the Generalized System of Preferences for the first time in its protest against reliquidation. The court held that 19 U.S.C. § 1514(d) precluded the importer from raising a new issue that could have been raised in its initial protest against liquidation.

Finally, in *Ataka,* the importer protested Customs' classification of its merchandise

following liquidation, and only raised the separate issue of a supplemental duty imposed pursuant to a presidential proclamation following reliquidation. As in *Audiovox,* the *Ataka* court held that the importer could not raise for the first time a separate issue in its protest following reliquidation which it could have raised in its initial protest against liquidation.

In this action, the issue of classification is the same, and the importer would not be raising an issue other than classification had it protested the reliquidation of the entries. Moreover, this action involves the same category of merchandise, i.e. tobacco. Thus, the filing of a subsequent protest following reliquidation would not have reopened the disputed entries to any questions not involved in the reliquidation. *See* 19 U.S.C. § 1514(d) (1982).

■ While the Court recognizes that the facts of this case are highly unusual, the Court holds that the importer was required to protest within 90 days of Customs' reliquidation under item 170.35, TSUS, even if the substance of that protest would be essentially identical to its protest against liquidation.

### CONCLUSION

The Court finds that the importer was required to file a timely protest against an entry which Customs reliquidated after the statutory time for reliquidation had expired. The Court also finds that 19 U.S.C. § 1514(c)(2)(A) requires an importer to file a protest challenging reliquidation even if the substance of the protest is essentially identical to a prior protest against liquidation. As the importer failed to file a timely protest against reliquidation, the Court grants the government's motion to dismiss for lack of jurisdiction.