**WOLFF SHOE CO., Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Court No. 92–08–00557.**
**Slip Op. 94–133.**

United States Court of International Trade.

Aug. 24, 1994.

Sosnov & Associates, Steven R. Sosnov, for plaintiff.

Frank W. Hunger, Asst. Atty. Gen., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, James A. Curley (Edward N. Maurer, Office of the Asst. Chief Counsel, U.S. Customs Service, of counsel), for defendant.

### *MEMORANDUM OPINION*

TSOUCALAS, Judge:

Plaintiff, Wolff Shoe Co. ("Wolff"), brought this action to contest countervailing duties and the underlying payment of interest assessed by the United States Customs Service ("Customs") on non-rubber footwear import-

ed by Wolff from Spain. Defendant has petitioned the Court to dismiss the case pursuant to Rule 12(b) of the Rules of this Court, contending this Court lacks jurisdiction because plaintiff filed its summons more than 180 days after its protests were denied and therefore failed to comply with 28 U.S.C. § 2636(a) (1988).

Wolff filed five protests against liquidations of the various entries in this case which were decided in August and September of 1991. The grounds asserted in the protests were (1) countervailing duties should not have been assessed, or, alternatively, (2) if countervailing duties are applicable, the duty should not exceed the estimated amount and/or (3) interest should not have been assessed from the date the estimated duties were deposited through the date of liquidation. Customs checked the "approved" box on these protests and added a handwritten "in part" and stamped "approved as to interest computation." The entries were then reliquidated only as to interest and the difference was refunded to Wolff.

Wolff then protested the reliquidations on November 19, 1991, re-asserting grounds (1) and (2) without the claim as to interest. This subsequent protest was denied on March 6, 1992 on grounds that it was duplicative of the original protests filed in this matter. Wolff then filed a summons in this Court on August 13, 1992.

■ Defendant asserts that Customs' response to Wolff's protests of the liquidation operates as a denial and, therefore, this Court lacks jurisdiction over this matter pursuant to 28 U.S.C. § 2636(a) which requires that an action to contest the denial of a protest be brought within 180 days of that denial. Defendant cites *Sanyo Elec., Inc. v. United States*, 81 Cust.Ct. 114, 115, C.D. 4775, 1978 WL 31106 (1978) for the proposition that the test to determine whether a protest is denied or granted is "the extent to which the protest has resulted in a change of the protested decision." Since Customs only reliquidated as to the interest, defendant argues, it follows that Customs denied the protest as to the assessment of countervailing duties and Wolff had 180 days after that denial in which to properly bring an action before this Court.

Wolff maintains that Customs' response to its initial protests constitutes an approval of the protest because Customs checked the "approved" box and neglected to check the "denied in full or in part" box. Wolff points out that statutory law deals only with approvals, denials in whole and denials in part of protests, granting this Court jurisdiction only in the case of a denial. *See, i.e.*, 28 U.S.C. § 2636(a). Wolff asserts that, after Customs expressly approved the protests, it was required to protest the reliquidation in order to get judicial review.

This Court finds that Customs' response to Wolff's initial protests constitutes an approval of the protest.

Wolff's protests asserted three grounds: (1) countervailing duties should not have been assessed, or, alternatively, (2) if countervailing duties are applicable, the duty should not exceed the estimated amount and/or (3) interest should not have been assessed from the date the estimated duties were deposited through the date of liquidation. Clearly, the substance of the protests is the assessment of countervailing duties. Interest is incidental to and determined by the amount of countervailing duties. That being so, when Customs approved the protest, notwithstanding that it said "as to interest only," Customs left the substance of the protest open by not specifically denying it. Further, for Customs to check "approved" on a form where the choices are "approved" and "denied in full or in part" is to indicate approval. The addition of "in part as to interest" is meaningless where the crux of the protest is the assessment of countervailing duties. In addition, *Sanyo* is not applicable here because the initial protest underlying *Sanyo* presented two alternative classifications, not, as here, a claim as to duties assessed with an incidental, related claim as to interest. *Sanyo*, 81 Cust. Ct. at 114, C.D. 4775, 1978 WL 31106. Therefore, Customs did not deny the protests of the liquidation and 28 U.S.C. § 2636(a) does not bar Wolff's later protest of the reliquidation.

■ Defendant also contends that Wolff's protest of the reliquidation is barred because, by re-asserting the claim as to assessment of countervailing duty, it raised a question not involved in the reliquidation and violated 19 U.S.C. § 1514(d) (1988)[1]. *See also Computime, Inc. v. United States*, 772 F.2d 874, 877 (Fed.Cir.1985). Because the initial protests were approved only "as to interest" and the reliquidation was only as to the recomputation of interest, defendant asserts that the subsequent protests were not valid. Consequently, according to the defendant, this Court lacks subject matter jurisdiction over this action or, alternatively, Wolff fails to state a claim on which relief can be granted.

Without directly addressing *Computime* or 19 U.S.C. § 1514(d), Wolff argues it properly contested the assessment of countervailing duties in its protest of the reliquidation because Customs did not express a denial of the initial protests. Therefore, Wolff asserts, a protest of the reliquidation was required to exhaust available administrative remedies and to vest this Court with jurisdiction.

This Court is unpersuaded by defendant's arguments and finds that Wolff's protest as to the reliquidation was a valid and timely protest.

Pursuant to 28 U.S.C. § 1581(a) (1988), this Court shall have exclusive jurisdiction over any civil action commenced to contest Customs' denial of a protest. Absent a denial, however, this Court has no jurisdiction. For the reasons set out above, this Court finds that Customs approved Wolff's protests against the liquidation of its entries, both as to the assessment of countervailing duties and as to interest. Therefore, when Customs failed to reliquidate as to the assessment of countervailing duties, the only recourse by which Wolff could appeal to this Court was by protesting the reliquidation.

Thus, under these circumstances, the protest of the reliquidation is a valid renewal of the protest of the liquidation, even when the later protest is identical to the earlier one. *See Transflock, Inc. v. United States*, 15 CIT 248, 249, 765 F.Supp. 750, 751 (1991); *see also Philip Morris U.S.A., A Division of Philip Morris Inc. v. United States*, 13 CIT 556, 561, 716 F.Supp. 1479, 1483 (1989), *aff'd in part without opinion and rev'd in part without opinion*, 907 F.2d 158 (Fed.Cir. 1990).

Defendant's argument that 19 U.S.C. § 1514(d) bars such a protest is without merit. That provision has consistently been interpreted as barring protests of reliquidation when the importer failed to raise a claim in its protest of the liquidation and is raising it for the first time in its protest of the reliquidation. *See, e.g., Audiovox Corp. v. United States*, 764 F.2d 848, 849 (Fed.Cir.1985); *see also Computime*, 772 F.2d at 877[2].

Therefore, 19 U.S.C. § 1514(d) does not bar Wolff's protest. A contrary result would allow Customs to approve a protest of a liquidation and then fail to reliquidate as to the grounds asserted, barring the importer's only recourse to this Court.

In addition, it bears noting that Wolff's protest of the reliquidation was timely pursuant to 19 U.S.C. § 1514(c)(3)(A) (1988) which requires that a protest be filed within ninety days after notice of reliquidation. The entries were reliquidated between August and October 1991 and Wolff's protest as to the reliquidation was filed within ninety days thereafter, on November 19, 1991.

Finally, this Court notes that the present action complies with 28 U.S.C. § 2636(a) which requires that an action to contest the denial of a protest be brought within 180 days of that denial. Customs denied Wolff's protest of the reliquidations on March 6, 1992 and Wolff filed a summons in this Court

---

**1.** 19 U.S.C. § 1514(d) states: "The reliquidation of an entry shall not open such entry so that a protest may be filed against the decision of the Customs Service upon any question not involved in such reliquidation."

**2.** The *Computime* court held an importer could not challenge classification of a separate category of merchandise for the first time at reliquida-

tion when it could have raised the argument in its protest against the initial reliquidation. Interpreting 19 U.S.C. § 1514(d), the Court stated: "a protest following liquidation can contest only those points raised by the Customs Service's decision on the *initial* protest." *Computime*, 772 F.2d at 877 (emphasis added).

within 180 days thereafter, on August 13, 1992.

### Conclusion

This Court finds Customs approved Wolff's protest of the liquidation, Wolff's subsequent protest of reliquidation was valid and timely, and this action was timely brought pursuant to 28 U.S.C. § 2636(a). Accordingly, defendant's motion to dismiss for lack of jurisdiction is denied and this Court finds plaintiff does not fail to state a claim upon which relief can be granted.