**WOLFF SHOE CO., Plaintiff,**

**v.**

**UNITED STATES, Defendant.**

**Slip Op. 96–138.**
**Court No. 92–08–00557.**

United States Court of
International Trade.

Aug. 16, 1996.

Sosnov & Associates (Steven R. Sosnov), Norristown, PA, for plaintiff.

Frank W. Hunger, Assistant Attorney General; Joseph I. Liebman, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (James A. Curley); of counsel: Edward N. Maurer, Office of the Assistant Chief Counsel, United States Customs Service, for defendant.

## OPINION

TSOUCALAS, Judge:

Plaintiff, Wolff Shoe Co. ("Wolff"), moves pursuant to Rule 56.2 of the Rules of this Court for summary judgment on the ground that there is no genuine issue as to any material facts. Defendant cross-moves for summary judgment seeking an order dismissing this case.

Wolff challenges the assessment by the United States Customs Service ("Customs") of countervailing duties and the underlying payment of interest on 203 entries of non-rubber footwear imported by Wolff from Spain between the years of 1980 and 1982.

### Background

Wolff filed five protests against liquidations of the various entries in this case which were decided in August and September of 1991. The grounds asserted in the protests were (1) countervailing duties should not have been assessed, or, alternatively, (2) if countervailing duties are applicable, the duty should not exceed the estimated amount, and/or (3) interest should not have been assessed from the date the estimated duties were deposited through the date of liquidation. Customs checked the "approved" box on these protests and added a handwritten "in part" and stamped "approved as to interest computation." The entries were then reliquidated only as to interest and the difference was refunded to Wolff.

Wolff then protested the reliquidations on November 19, 1991, re-asserting grounds (1) and (2) without the claim as to interest. This subsequent protest was denied on March 6, 1992, based on the conclusion that it was duplicative of the original protests filed in this matter.

Wolff then filed a summons in this Court on August 13, 1992. In response, defendant moved to dismiss this action claiming that this Court lacks jurisdiction because Wolff filed its summons more than 180 days after its protests were denied in violation of 28 U.S.C. § 2636(a) (1988) and, alternatively, that Wolff fails to state a claim upon which

relief can be granted. The Court denied defendant's motion to dismiss finding that Customs approved Wolff's protest of the liquidation, Wolff's subsequent protest of reliquidation was valid and timely, and this action was timely brought pursuant to 28 U.S.C. § 2636(a). *Wolff Shoe Co. v. United States,* 18 CIT 768, 861 F.Supp. 133 (1994). On May 12, 1995, the Court denied Wolff's motion for order for judgment and Wolff subsequently filed the motion for summary judgment presently before the Court.

### Undisputed Facts

On September 12, 1974, Commerce published its countervailing duty determination with respect to non-rubber footwear from Spain. *See Non-rubber Footwear From Spain,* 39 Fed.Reg. 32,904 (1974). Wolff did not actively participate in this countervailing duty determination or subsequent § 751 reviews arising therefrom.

Wolff made 203 entries of non-rubber footwear from Spain over a three year period (1980, 1981 and 1982). On October 19, 1983, the court entered a temporary restraining order in *Volume Footwear Retailers of Am. v. United States,* Court No. 83–10–01500, 1986 WL 30013, restraining Customs from liquidating all entries of non-rubber footwear from Spain "currently classifiable under items 700.0500 through 700.4575, 700.5605 through 700.5673, 700.7220 through 700.8360, and 700.9515 through 700.9545 of the Tariff Schedules of the United States Annotated" and which were exported "on or before December 31, 1980, and entered, or withdrawn from warehouse, for consumption on or after January 1, 1980, and no later than May 2, 1982, and remain unliquidated as of 5 p.m. on the next business day following the date of service and receipt of this order." The court entered preliminary injunctions on November 9, 1983, and August 10, 1984, restraining Customs from liquidating entries of non-rubber footwear from Spain. *See Volume Footwear Retailers of Am. v. United States ("Volume Footwear"),* 10 CIT 12, 13, 1986 WL 30013 (1986). The preliminary injunctions were deemed to have expired on May 15, 1985. *See id.* at 15, 1986 WL 30013. Customs liquidated the involved entries in 1986.

Wolff filed Protest Nos. 1001–6–008054, 1001–6–008055, 1001–6–008056, 1001–6–008059 and 1001–6–008060 asserting the following grounds: (1) countervailing duties should not have been assessed, or (2) if countervailing duties are applicable, the duty should not exceed the estimated amount, and/or (3) interest should not have been assessed from the date the estimated duties were deposited to the date of liquidation. Customs checked the "approved" box on these protests and added a handwritten "in part" and stamped "approved as to interest computation." The choices on the form were "approved" and "denied in full or in part." The entries were reliquidated as to interest only and the difference was refunded to Wolff.

On November 19, 1991, Wolff protested the reliquidations under Protest No. 1001–91–108182 re-asserting grounds (1) and (2) of the earlier protest but not asserting a claim as to interest. On March 6, 1992, Customs denied Protest No. 1001–91–108182 on the ground that it was duplicative of the original protests filed in this matter. Wolff then filed a summons in this Court on August 13, 1992.

### Discussion

On a motion for summary judgment, it is the function of the court to determine whether there remain any genuine issues of fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Once the court determines that no genuine issue of material fact exists, summary judgment is properly granted when the movant is entitled to judgment as a matter of law. *See Mingus Constructors, Inc. v. United States,* 812 F.2d 1387 (Fed.Cir.1987). In the case at bar, this Court finds there are no genuine issues of material fact with respect to the issues involving the entries listed under Schedules I and II in the attachments to Wolff's brief, the dispositive issues to be resolved are legal in nature and, therefore, summary judgment is proper. Regarding the ten entries listed under Schedule III in the attachments to Wolff's brief, there exists a genuine issue of material fact and, therefore, summary judgment is not appropriate. Accordingly, the ten entries listed under

Schedule III are severed from the summary judgment motion before the Court and dismissed. *See infra* at 15, 1986 WL 30013.

## A. *Jurisdiction*

■ Defendant urges the Court to reconsider its decision of August 24, 1994, denying defendant's motion to dismiss for lack of jurisdiction or, in the alternative, for failure to state a claim upon which relief may be granted. Defendant emphasizes that since that opinion was not a final decision by the Court, it may be reconsidered at this stage in the proceedings. Def.'s Opp'n to Pl.'s Mot. Summ.J. at 4–6. Defendant maintains that the only matter approved in Wolff's protests against liquidation was the recomputation of interest. Defendant supports its argument by emphasizing that Customs refunded only the recomputed interest which constituted a denial of the protests as to duty assessments. As such, defendant argues that in order for this Court to have jurisdiction, Wolff would have had to file the summons with this Court within 180 days from the date Customs denied the initial protests. *Id.* at 6–7.

The Court declines defendant's invitation to reconsider the jurisdictional issue decided by the Court in *Wolff Shoe*, 18 CIT at ——, 861 F.Supp. at 135–36. Wolff brought this action within 180 days of the denial of the protest of the reliquidations. Wolff could not have brought this action prior to receiving a denial of the protests from Customs, and since Customs did not deny the initial five protests, Wolff could not have filed an action in this Court until after the denial of the protest of reliquidation. Defendant's evidence regarding the refund checks is unpersuasive as it does not alter Customs' decision to check the "approved" box as opposed to the "denied in full or in part" box in response to the initial five protests. The refund of the interest only is as meaningless as the stamp on the form "approved as to interest computation." The Court adheres to its conclusion in *Wolff Shoe* that Customs left the substance of the protests open by not specifically denying it. Accordingly, Wolff properly protested Customs' reliquidation and timely filed a summons in this Court pursuant to 28 U.S.C. § 2636(a). This Court has jurisdic-

tion pursuant to 28 U.S.C. § 1581(a) (1988) which grants the Court exclusive jurisdiction over any civil action commenced to contest Customs' denial of a protest. The jurisdictional question decided, the Court now turns to the issues surrounding the liquidation of the entries.

## B. *Schedule I Entries*

Wolff maintains that 135 of the entries, attached to Wolff's brief as "Schedule I", were less than four years old when the suspension required by statute or court order ended, but more than four years old when Customs liquidated the entries. Wolff argues that pursuant to § 504 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1504 (1988), all entries not yet liquidated at the expiration of four years from the date of entry "shall be deemed liquidated at the rate of duty, value, quantity, and amount of duty asserted at the time of entry by the importer of record." Accordingly, Wolff asserts that the subsequent liquidations by Customs were voidable. Pl.'s Mem.Supp.Mot.Summ.J. at 4–5.

Defendant concedes that if the Court possesses jurisdiction, the Schedule I entries may be deemed liquidated pursuant to 19 U.S.C. § 1504(d) at the rate and amount of duty deposited by Wolff as regular duties and countervailing duties at the time of entry. Defendant emphasizes, however, that the duty "asserted at the time of entry by the importer" pursuant to 19 U.S.C. § 1504(d) includes the amount of countervailing duty required to be paid. Defendant argues that pursuant to 19 C.F.R. § 159.11(a) (1995), the time for determining the rate and amount of duty asserted by the importer is the "time of filing an entry summary for consumption in proper form, with estimated duties attached." Defendant submits that the entry summaries for the entries in issue state the rate and amount of regular and countervailing duties. Further, the defendant submits as evidence handwriting in blue ink on one of the invoices for an entry involved in this case which states "700.4540/10% CVD 2.27% C–469–022–000." Consumption Entry, Def.'s Opp'n to Pl.'s Mot.Summ.J., Ex. E ("Exhibit E"). Defendant notes that only the importer or its

agents may write in blue on the invoice pursuant to 19 C.F.R. § 141.90(d) (1995) and, therefore, the writing indicates that at the time of filing the entry summary, Wolff "asserted" that the duties included 2.27% countervailing duties. Def.'s Opp'n to Pl.'s Mot. Summ.J. at 8.

In rebuttal, Wolff claims that defendant misinterprets the statute and regulations. Under Wolff's reading of the statute and regulations, an importer does not "assert" countervailing or antidumping duties at the time of entry. Wolff stresses that according to the applicable regulation, the district director is responsible for determining the necessary amount of estimated duties. Pl.'s Reply to Opp'n to Pl.'s Mot.Summ.J. at 5–6 (referring to 19 C.F.R. § 141.103 (1995)).[1]

Section 1504(d), Title 19, United States Code, states that any entry not liquidated within four years is "deemed liquidated at the rate of duty, value, quantity, and amount of duty asserted at the time of entry by the importer of record, unless liquidation continues to be suspended as required by statute or court order." See Nunn Bush Shoe Co. v. United States, 16 CIT 45, 47–48, 784 F.Supp. 892, 894–95 (1992) (interpreting 19 U.S.C. § 1504 as meaning that if an entry is not liquidated within four years, unless the period is extended by operation of 19 U.S.C. § 1504(b)(1)–(3), it will be deemed liquidated by operation of law and subsequent attempts by Customs to liquidate will be invalid).

■ There is no question that pursuant to 19 U.S.C. § 1504(d), Wolff is entitled to a refund of duties paid with interest in excess of those asserted at the time of entry by the importer and any interest paid on those duties (less any refunds of interest already granted). See 19 U.S.C. § 1677g.[2] These

entries were less than four years old when the court-ordered suspension was removed but more than four years old at the time of liquidation and, therefore, Customs' attempt to liquidate the entries after four years had passed was invalid. Defendant concedes this point and the Court agrees that Wolff's entries are to be deemed liquidated at the rate of duty asserted at the time of entry by the importer of record. However, a dispute remains between the parties as to whether the duties required to be paid include countervailing duties.

Customs' regulations provide the Court with significant guidance in this area. Entries liquidated by operation of law are addressed in 19 C.F.R. § 159.11(a) which states the following:

Except [where there is an extension of time] an entry not liquidated within 1 year from the date of entry of the merchandise ... shall be deemed liquidated by operation of law at the rate of duty, value, quantity, and amount of duties asserted by the importer at the time of filing an entry summary for consumption in proper form, with estimated duties attached....

For purposes of determining the appropriate rate of duty, the regulation directs Customs to the filing of an entry for consumption with the attached estimated duties.

■ The entry summary labeled Exhibit E by defendant indicates that countervailing duties were included in the calculation of estimated duties at the date of entry. Wolff does not deny this but, rather, claims that it does not support the conclusion that Wolff "asserted" the rate of duty as including countervailing duties. It is true that 19 C.F.R. § 141.103 states that "[e]stimated duties shall be deposited in an amount deemed necessary by the district director to sufficiently

---

1. The Court assumes that counsel for Wolff intended to cite 19 C.F.R. § 141.103 instead of "19 C.F.R. § 104.103" which does not exist.

2. 19 U.S.C. § 1677g (1988) sets forth the following guidelines for interest on overpayments and underpayments of duties:

    **(a) General rule**
    Interest shall be payable on overpayments and underpayments of amounts deposited on merchandise entered, or withdrawn from warehouse, for consumption on and after—

    (1) the date of publication of a countervailing or antidumping duty order under this subtitle or section 1303 of this title, or
    (2) the date of a finding under the Antidumping Act, 1921.
    **(b) Rate**
    The rate of interest payable under subsection (a) of this section for any period of time is the rate of interest established under section 6621 of title 26 for such period.

cover the prospective duties on each item being entered or withdrawn." This regulation seems to indicate that an importer does not really "assert" the amount of duty to be deposited. However, Wolff fails to present plausible alternative readings of 19 U.S.C. § 1504 and 19 C.F.R. § 159.11. Under Wolff's analysis, importers would never be required to pay countervailing duties for entries liquidated by operation of law because they would never "assert" them. While Congress' choice of words may not be the most accurate possible, Wolff's interpretation could result in the circumvention of the countervailing duty law. To avoid this result, countervailing duties assessed at the time of entry must be included in the rate of duty determined when liquidation is required by operation of law pursuant to 19 U.S.C. § 1504(d). Thus, the Court concludes that the entries listed under Schedule I have been liquidated as a matter of law four years after their initial entry at the rate and amount of duty deposited by Wolff as regular duties and countervailing duties at the time of entry. Wolff is entitled to a refund of all excess duties paid with interest less any interest already refunded.

### C. *Schedule II Entries*

█ Wolff also submits that summary judgment is proper with respect to the 58 entries listed under "Schedule II" in the attachments to Wolff's brief. The crux of Wolff's argument is that it was not a party in the *Volume Footwear* cases and, therefore, the injunctions against liquidation did not apply to Wolff. As such, Wolff maintains that Customs could have liquidated Wolff's entries before the injunctions were dissolved pursuant to 19 U.S.C. § 1504(d). Wolff explains that only an interested party may make the necessary showing for having an injunction granted. Wolff notes that a party moving for an injunction must demonstrate the existence of the following four factors: (1) petitioner will be immediately and irreparably injured; (2) petitioner is likely to succeed on the merits; (3) the public interest will be better served by the injunction; and (4) the balance of hardships on the parties favors petitioner. Pl.'s Mem.Supp.Mot. Summ.J. at 5–8 (citing *Zenith Radio Corp. v.*

*United States*, 710 F.2d 806, 809 (Fed.Cir. 1983)). According to Wolff, only a party that is involved in the litigation can make a proper showing that the requested relief should be granted.

Wolff emphasizes that the entries listed in Schedule II were less than four years old at the time the injunctions were issued in *Volume Footwear*, but more than four years old when the injunctions were dissolved. Therefore, Wolff contends that when Commerce made its § 751 determinations in 1983 and 1984, liquidations suspended pursuant to the statute were no longer in effect and entries not liquidated within four years of the entries were deemed liquidated pursuant to 19 U.S.C. § 1504(d). Pl.'s Mem.Supp.Mot. Summ.J. at 8–9.

In response, defendant contends that Wolff is not entitled to duty refunds for those entries listed under Schedule II. Defendant interprets the injunctions issued by the court as applying to all entries of non-rubber footwear from Spain, not just to those entries imported by the parties in that case. Defendant suggests that Wolff should have requested the Court to modify the injunctions to permit Customs to reliquidate Wolff's entries. *Id.* at 10–11.

Rule 65(d) of the Rules of this Court states that a preliminary injunction or restraining order "is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." Wolff does not fall into any of the categories described in Rule 65(d). Neither Wolff nor any party representing Wolff in any capacity was a party to *Volume Footwear* as the only plaintiff in that action was Volume Footwear Retailers of America. In addition, there is no evidence that Wolff was in active concert or participation with Volume Footwear Retailers of America. Finally, there is also no indication in the record before the Court that Wolff received actual notice of the order by personal service or otherwise. Therefore, according to Rule 65(d) of this Court, the

preliminary injunction issued in *Volume Footwear* could not be binding on Wolff.

Pursuant to 19 U.S.C. § 1504(d), the entries under Schedule II were deemed liquidated at the expiration of four years from the date of entry at the rate of duty asserted by the importer at the time of entry including any countervailing duties required to be paid. Wolff is entitled to a refund with interest of duties paid in excess of those rates asserted at the time of entry less any refunds of interest already made. *See* 19 U.S.C. § 1677g.

### D. *Schedule III Entries*

Finally, Wolff maintains that the Court should dismiss the remaining ten entries listed under "Schedule III" in the attachments to Wolff's brief if the Court grants the summary judgment motion with respect to the other entries. In the event that the Court does not grant the summary judgment motion with respect to the entries listed in Schedules I and II, Wolff advances two alternative arguments regarding the entries listed in Schedule III. First, Wolff suggests that a trial is necessary to determine whether Wolff ever received the appropriate notices of the suspension of liquidation as required by 19 U.S.C. § 1504(c). Second, Wolff alleges that this Court's finding that Customs approved the protests is sufficient to support Wolff's motion for summary judgment. Pl.'s Mem. Supp.Mot.Summ.J. at 9–12.

Defendant responds that because there is a factual dispute as to whether or not Wolff received proper notices of the suspension of liquidation, the Court may not grant summary judgment on this issue in favor of Wolff. Instead, defendant argues that the government is entitled to a presumption of correctness that has not been rebutted by Wolff. *Id.* at 12–13.

Since the Court has granted Wolff's motion for summary judgment with respect to the entries involved in Schedules I and II, with the exception of the claim that countervailing duties should not be included in the rate of duty for the entries at issue, the Court grants Wolff's request to sever and dismiss the remaining ten entries listed under Schedule III.

### Conclusion

For the foregoing reasons, the Court grants plaintiff's motion for summary judgment to the extent that it finds that Customs erroneously calculated the duties required to be paid by exceeding the estimated amount at the time of entry. Defendant's cross-motion for summary judgment is granted to the extent that Customs properly included countervailing duties in its assessment. Customs is hereby ordered to reliquidate the entries listed under Schedules I and II at the rate of duty asserted by the importer at the time of entry, including any countervailing duty required to be paid, and to refund with interest any excess duties paid less the amount of interest already refunded. The entries listed under Schedule III are severed and dismissed.

### JUDGMENT

This case, having been duly submitted for decision, and the Court, after due deliberation, having rendered a decision herein; now, in accordance with said decision, it is hereby

**ORDERED** that plaintiff's motion for summary judgment is granted in part and denied in part; and it is further

**ORDERED** that defendant's cross-motion for summary judgment is granted in part and denied in part; and it is further

**ORDERED** that the United States Customs Service ("Customs") shall reliquidate the 193 entries listed under Schedules I and II of the attachments to plaintiff's brief at the rate of duty asserted at the time of entry by the importer of record including any countervailing duties assessed at the time of entry; and it is further

**ORDERED** that the ten entries listed under Schedule III of the attachments to plaintiff's brief are severed and dismissed; and it is further

**ORDERED** that Customs shall refund all excess duties with interest as provided by law less any interest already refunded.

