**WEBCOR ELECTRONICS**

v.

**UNITED STATES.**

**C.D. 4725; Court No. 73–1–00175.**

United States Customs Court.

Dec. 9, 1977.

Serko & Simon, New York City (Margaret H. Sachter, Joel K. Simon and Gerald B. Horn, New York City, of counsel), for plaintiff.

Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C. (William F. Atkin, Trial Atty., New York City), for defendant.

1.

NEWMAN, Judge:

Defendant has moved for an order severing entry No. K198198 covered by this civil action and dismissing the action as to this entry for lack of jurisdiction. The predicate asserted by defendant for this court's lack of jurisdiction is the alleged invalidity under 19 U.S.C. § 1514(b)(1) of the second protest filed in connection with entry No. K198198 respecting a category of merchandise that was the subject of a prior protest.

Upon careful consideration of the parties' briefs and oral argument, I have concluded that defendant's motion should be granted.

The factual basis of this controversy is simple and undisputed. The merchandise in entry No. K198198 comprises, solely "Webcor" model WFX257 8-track stereo tape players with AM/FM/MPX receivers. On January 5, 1972 plaintiff through its then counsel, filed protest No. 1001–2–000628 contesting the assessment of a 10 percent "surcharge" under item 948.00, TSUS, pursuant to Presidential Proclamation 4074, on the merchandise covered by entry No. K198198. Plaintiff claimed that the surcharge proclamation is invalid, null and void, or alternatively that the amount of duties was excessive. The denial of protest No. 1001–2–000628 is presently the subject of a separate civil action, Court No. 72–11–02302. Subsequently, on March 8, 1972 plaintiff filed a second protest, No. 1001–2–013374, involving the identical merchandise and entry covered by the first protest, but this time contesting the classification of the merchandise under item 685.30, TSUS. Plaintiff claimed that the merchandise was properly dutiable under item 678.50, TSUS. The denial of the second protest is contested in this action.

From the foregoing facts, it is apparent that entry No. K198198, sought to be severed by defendant, is presently the subject of *two protests*, which are in turn the subject of separate civil actions; and that it is the *second protest* covered by the instant action which defendant contends was improperly filed.

In support of its motion for severance and dismissal respecting entry No. K198198, defendant asserts that the court lacks jurisdiction of the second protest (No. 1001–2–013374) inasmuch as it contravenes the one protest per entry rule in 19 U.S.C. § 1514(b)(1).[1]

In opposition to defendant's motion, plaintiff seeks to fit the second protest within the exception to the one protest rule in section 1514(b)(1) for an entry covering "merchandise of different categories". Alternatively, plaintiff argues that the second protest should be deemed an "amendment" of the first protest.

Initially, I shall address plaintiff's contention that the first and second protests filed in connection with entry No. K198198 cover "merchandise of different categories" within the purview of section 1514(b)(1).

There is no dispute that, pursuant to 19 U.S.C. § 1514(b)(1) where an entry covers merchandise of different categories, a separate protest may be filed for each category of merchandise. However, an examination of entry No. K198198 and the two protests covering that entry substantiates defendant's position that there is only one category of merchandise involved: "Webcor" model WFX257 8-track stereo tape players with AM/FM/MPX receivers.

Nevertheless, plaintiff insists that the two protests covered "merchandise of different categories" on the theory that the protests contested different "classifications". Plaintiff's rationale is: (1) identical merchandise in an entry may be in two different "categories" for purposes of section 1514(b)(1) if it was "classified" by the customs officials under two different item numbers in the Tariff Schedules; (2) all assessments of duty based upon an item number in the Tariff Schedules involve "classification"; (3) therefore, the assessment of the surcharge pursuant to item 948.00, TSUS, was a "classification" (categorization) of the merchandise, and similarly the assessment of duties pursuant to item 685.30, TSUS, was a second classification (categorization) of the merchandise; and (4) inasmuch as each of the protests challenged a different "classification", the two protests covered "merchandise of different categories".

Such construction of section 1514(b)(1) is plainly untenable, since plaintiff reads "merchandise of different categories" as though it read "merchandise of different classifications".

In *Minox Corporation d/o Berkey Photo, Inc. v. United States*, 77 Cust.Ct. 110, C.D. 4680 (1976), this court observed with reference to the one protest per entry rule (77 Cust.Ct. at pages 110–11):

> Plainly, the intent of section 1514(b)(1) is to require an importer to present all claims arising out of the liquidation of an entry in a single protest, unless there are different categories of merchandise in the entry, in which event a separate protest may be filed for each category. Consequently, the issue raised by defendant's motion is whether the three protests identified above cover a category of merchandise which is the subject of other protests in contravention of section 1514(b)(1).
>
> Protest No. 1001–4–000354 (covered by Court No. 74–8–02136) relating to entry No. 185251 covers *film*, while protest No. 1001–4–000355 relating to the same entry, covers *clamps* and *tripods*. Thus, the two protests were properly filed for dif-

---

1. Section 1514(b)(1), so far as pertinent, reads: "* * * *Only one protest may be filed for each entry of merchandise*, except that where the entry covers merchandise of different categories, a separate protest may be filed for each category. In addition, separate protests filed by different authorized persons with respect to any one category of merchandise that is the subject of a protest are deemed to be part of a single protest. * * *" (Emphasis added.)

*ferent categories of merchandise.* * *
[Emphasis added.]

\* \* \* \* \* \*

In sum, it is clear that section 1514(b)(1) permits importers to file separate protests where the entry covers merchandise of different categories, as contended by plaintiff. * * * Nevertheless, it should be emphasized that where, as here, separate protests are filed involving the same entry, the plaintiff must comply with the statutory prerequisite that *separate categories* of merchandise be covered by *each* protest. [Emphasis in original.]

It may be noted that in determining whether or not there was merchandise of different categories involved in *Minox*, this court focused upon the *nature of the merchandise*, viz., film, clamps, and tripods. Here, however, plaintiff erroneously asks the court *not to focus* upon whether the first and second protests in fact covered different merchandise, but rather upon whether the protests contested different "classifications".

Again, in the recent decision in *Russ Togs, Inc. v. United States*, 79 Cust.Ct. ——, C.D. 4722 (1977), this court severed and dismissed second protests challenging the appraisements where the second protests covered merchandise identical to that involved in the first protests, which contested the classifications. With reference to the one protest per entry rule in section 1514(b)(1), this court commented (79 Cust.Ct. at page ——):

The other exception to the one protest per entry rule in section 1514(b)(1), permitting the filing of separate protests *where an entry covers merchandise of different categories*, has no applicability in this case, *since the dual protests covering each of the entries sought to be severed concern merchandise of the same category, viz., jackets*. The fact that the first and second protests challenge different administrative decisions (e. g., classification and appraisement) does not bring the dual protests within the exception in section 1514(b)(1) for separate protests covering different categories of merchandise. * * * [Emphasis added in part.]

Respecting the Congressional intent and objective of the one protest per entry rule in section 1514(b)(1), this court further observed in *Russ Togs, Inc.*:

Central to the resolution of the jurisdictional issue presented here is the Congressional intent manifested in the one protest per entry rule in section 1514(b)(1).

Prior to the modernization of procedures in 1970 relating to judicial actions and administrative proceedings in customs matters by P.L. 91–271 (84 Stat. 274), there was no statutory bar to the filing of multiple protests respecting the same entry of merchandise. * * *

\* \* \* \* \* \*

In view of the legislative background cited *supra*, it is apparent that *one of the principal concerns of Congress in enacting P.L. 91–271 was to avoid piecemeal administrative processing and subsequent litigation of different issues pertaining to the same entry of merchandise* ; and it is beyond peradventure that Congress did not desire the filing of separate protests contesting classification and appraisement for the same category of merchandise in a single entry.

To effectuate the Congressional intent in the one protest per entry rule in section 1514(b)(1), I am clear that only the *first* protest received by customs for filing may practicably be treated as valid. *The filing of multiple protests challenging different administrative decisions in a liquidation (viz., classification, appraisement, etc.) regarding the same category of merchandise in a single entry is plainly inimical to the objective of the statute seeking to streamline the administrative and judicial review of customs decisions.*
* * * [Emphasis added in part.]

As in *Russ Togs, Inc.*, plaintiff here filed dual protests challenging two separate administrative decisions (assessment of surcharge under item 948.00, and classification under item 685.30), notwithstanding such

decisions pertained to the same entry, and *the identical merchandise was covered by both protests.* See also, *e. g., Ataka America, Inc. v. United States,* 79 Cust.Ct. —, C.D. 4724 (slip op. Dec. 9, 1977, p. 5).

■ The short of the matter is that I am compelled to reject plaintiff's abstruse interpretation of the phrase "merchandise of different categories" in section 1514(b)(1) to mean "merchandise of different classifications". If separate protests cover identical merchandise in a single entry, as is the situation here, obviously the exception in the statute relied upon by plaintiff for filing multiple protests is inapplicable.

2.

We now turn to plaintiff's argument that if the court finds that the first and second protests did not involve merchandise of different categories, the second protest should be deemed an amendment of the first. Plaintiff further requests that if the second protest is deemed an amendment of the first, "the Court find that the filing of the summons in the first action, Court No. 72–11–02302, carries with it the question of classification under Item 685.30 or Item 678.50, TSUS, and that jurisdiction of the second protest would be proper in the first action". Plaintiff also asks leave to amend the pleadings in Court No. 72–11–02302 to include the classification question raised in the second protest.

The statutory provision governing amendment of protests in section 1514(b)(1) reads:

* * * A protest may be amended, *under regulations prescribed by the Secretary,* to set forth objections as to a decision or decisions described in subsection (a) of this section which were not the subject of the original protest, in the form and manner prescribed for a protest, any time prior to the expiration of the time in which such protest could have been filed under this section. * * * [Emphasis added.]

Pursuant to the statutory directive respecting regulations, the Secretary of the Treasury promulgated 19 C.F.R. 174.14, which provides in pertinent part:

(b) *Form and number of copies of amendment.* An amendment to a protest shall be filed in quadruplicate on Customs Form 19 or on a form of the same size, *clearly labeled "Amendment to Protest" at the top of the form.* * * *

(c) *Contents.* An amendment to a protest shall contain the following information:

\* \* \* \* \* \*

(2) The number and date of filing of the original protest;

\* \* \* \* \* \*

■ The second protest was neither labeled "Amendment to Protest", nor did it refer to "[t]he number and date of filing of the original protest", as specified by the above-quoted regulation. In point of fact, each protest filed in connection with entry No. K198198 is, on its face, a separate and independent document; and there is no indication whatsoever in the second protest that it was intended as an amendment of the first protest. *Cf. Russ Togs, Inc., supra.* Plaintiff blandly characterizes its noncompliance with the regulations as a "technicality".

It is true, of course, as pointed out by plaintiff, that the court has traditionally taken a liberal posture concerning the form and sufficiency of *protests* filed pursuant to section 1514. See, *e. g., Mattel, Inc. v. United States,* 72 Cust.Ct. 257, C.D. 4547 (1974), and cases discussed therein. However, it is emphasized that here the issue before the court does not concern the form and sufficiency of the second protest *as a protest,* but rather whether such second protest constitutes *an amendment of the first protest.* Respecting this issue of protest amendment, applying even the most liberal construction of the statutory and regulatory requirements, I see nothing in the second protest indicating that it was intended as an amendment of the first protest. Moreover, as conceded by plaintiff, even if the second protest were treated as an amendment of the first, the court would still be required to sever entry No. K198198

and dismiss this action as to the merchandise covered by that entry.

■ Finally, as I have concluded that the second protest was not an amendment of the first protest covered by Court No. 72–11–02302, that action presently does not include the issue of classification under item 678.50, TSUS, raised by plaintiff in the second protest. The propriety of allowing plaintiff to include a new ground in support of its action in Court No. 72–11–02302, pursuant to 28 U.S.C. § 2632(d), is an issue not presently before this court for resolution.[2]

### 3.

■ Moreover, plaintiff argues that the first and second protests should have been consolidated by the customs officials. However, under section 1514(b)(1) separate protests may be "deemed to be part of a single protest" only where they are filed by *different authorized persons*,[3] which is not the situation here. *Cf. Russ Togs, Inc., supra.* Further, plaintiff's request that the instant action be consolidated with Court No. 72–11–02302 is denied, inasmuch as the latter action presently does not include the issue of classification under item 685.30, TSUS. Plainly, since Court No. 72–11–02302 contests the surcharge assessment, and the instant action challenges the classification of the merchandise under item 685.30, TSUS, the actions do not involve "a common question of law or fact", which is the basis for consolidation of actions pursuant to rule 10.3(a) of the court.

### 4.

Additionally, plaintiff infers that this court has jurisdiction of the action respecting entry No. K198198 on the basis that the second protest was administratively reviewed and denied, citing 28 U.S.C. § 1582(a). That section reads:

(a) The Customs Court shall have exclusive jurisdiction of civil actions instituted by any person whose protest pursuant to the Tariff Act of 1930, as amended, has been denied, in whole or in part, by the appropriate customs officer, * *.

In brief, plaintiff's effort to fit the present case within the rubric of section 1582(a) is contrived at best. That provision must be read *together* with section 1582(c), which states:

(c) The Customs Court shall not have jurisdiction of an action unless * * * a protest has been filed, *as prescribed by section 514 of the Tariff Act of 1930, as amended,* * * *. [Emphasis added.]

■ As noted in *Russ Togs, Inc., supra,* filing of a protest in compliance with section 1514(b)(1) is a predicate of this court's jurisdiction. Hence, administrative review and denial of a second protest filed in contravention of section 1514(b)(1) does not confer jurisdiction on the Customs Court.

### 5.

Plaintiff cites *Mansubco, Inc. v. United States,* Court No. 74–8–02256, wherein the identical issue presented herein was before the Customs Court. There, in an unpublished order issued without opinion on March 28, 1975, the court denied defendant's motion to dismiss. However, in *A & A Trading Corp. v. United States,* Court No. 74–3–00615, which also involved the identical issue presented herein, an unpub-

---

**2.** An examination of the docket in Court No. 72–11–02302 discloses that no complaint has yet been filed in that action, which presently remains in a suspension disposition file.

**3.** See also 19 C.F.R. § 174.15 covering: "Consolidation of protests filed by *different parties*" (emphasis added). To the extent that this regulation may be literally read to authorize a *single party* to file multiple protests relating to one category of merchandise covered by an entry, the regulation contravenes the express terms of 19 U.S.C. § 1514(b)(1). The statute is clear that separate protests relating to one category of merchandise may be deemed part of a single protest only where they are filed by *different authorized persons*. Moreover, the court cannot retroactively reconstruct the separate manner in which the protests covered by this action were administratively processed. Rather, the court must deal with the jurisdictional issue in light of the fact that two protests were filed and each protest was treated administratively as separate.

lished order was issued without opinion on February 28, 1975 granting defendant's motion to sever and dismiss. I have arrived at and follow the same decision in the present case as determined by the court in *A & A Trading Corp.*[4]

. In summary, plaintiff has disregarded the plain meaning of section 1514(b)(1), which limits an importer to filing one protest to contest all administrative decisions arising out of an entry comprising one category of merchandise. Inasmuch as the first and second protests herein cover *identical merchandise*, plaintiff's position that they cover two "categories" of merchandise is simply sophism. To be sure, the initial protest could have contested both the assessment of surcharge under item 948.00, TSUS, and the assessment under item 685.30, TSUS; or the initial protest could have been amended in accordance with the statutory and the regulatory requirements to include the

claim under item 678.50, TSUS. But for whatever reason, plaintiff utilized neither of those permissible courses of action. Rather, plaintiff filed a second protest, which is the subject of the instant action, and has thereby attempted to maintain two proceedings for the potential refund of duty on a single entry and the identical merchandise. In view of the statutory proscription of multiple protests, plaintiff's second protest was improperly filed. Accordingly, it is hereby ordered that the instant civil action be severed and dismissed as to the merchandise covered by entry No. K198198.

4. In another case, *Intercontinental Fibres, Inc. v. United States*, Court No. 74–9–02535, defendant's motion to dismiss was granted in an unpublished order without opinion signed on April 24, 1975, but that order was subsequently vacated without prejudice to defendant, and the case was suspended under the instant action, by an order signed on July 8, 1975.