(C.D. 4776)

ROUSSEL CORP. *v.* UNITED STATES

Court No. 75-6-01572

Port of New York

(Dated October 31, 1978)

*Serko & Simon* (*Margaret H. Sachter* of counsel) for the plaintiff.
*Barbara Allen Babcock,* Assistant Attorney General (*Sidney H. Kuflik,* trial attorney), for the defendant.

## MEMORANDUM OPINION AND ORDER

WATSON, Judge: Plaintiff filed two protests [1] against the liquidation of the same entry [2] the second of which enumerated further grounds for the claim made in the first that the assessment of additional duties under item 948.00 pursuant to Presidential Proclamation 4074 was incorrect.

Defendant has moved to sever and dismiss this action insofar as it relates to the denial of the second protest on the ground that section 514(b)(1) of the Tariff Act of 1930, as amended (19 U.S.C. sec. 1514 (b)(1)) allows only one protest to be made for each entry of merchandise unless the entry covers different categories of merchandise (a circumstance which is not present here). Defendant is correct and its motion must therefore be granted. *See Russ Togs, Inc.* v. *United States*, 79 Cust. Ct. 119, C.D. 4722 (1977); *Webcor Electronics* v. *United States*, 79 Cust. Ct. 137, C.D. 4725 (1977). *See also Ataka America, Inc.* v. *United States*, 79 Cust. Ct. 135, C.D. 4724 (1977).

Plaintiff is nevertheless at liberty to advance the grounds raised in the second protest as an amendment to the complaint because under 28 U.S.C. section 2632(d) the court may consider any new grounds in support of an action if it applies to the same merchandise and relates to the same protested decision.

This cannot be done by the court simply treating the second protest as an amendment of the first because it did not purport to be an amendment and did not comply with the customs regulations concerning the form and contents of amendments (19 CFR sec. 174.14(b) and (c)). Nor could the court exercise the same flexibility in the labeling or treatment of prior administrative filings as it might in the case of inappropriately named pleadings.

The proper way to advance the grounds asserted in the improper second protest is by way of amendment to the complaint, for leave to make which plaintiff has cross-moved. Although defendant has raised objections to the substance of the proffered amendment they are best reserved for a motion directed against the amended complaint.

For the above reasons, it is

ORDERED that defendant's motion to sever this action and dismiss it as it relates to the denial of protest No. 1001-4-016521 be granted, and it is further

ORDERED that plaintiff's motion for leave to file a first amended complaint be granted, and it is further

ORDERED that the clerk of the court accept and file the amended complaint appended to plaintiff's motion.

---

[1] Protest No. 1001-4-008243 filed on Aug. 8, 1974 and protest No. 1001-4-016521 filed on Oct. 31, 1974.

[2] Entry No. K150096 liquidated on Aug. 2, 1974.