**RHEEM METALURGICA S/A, formerly Rheem Empreendimentos Industriais E Comerciais S.A., Plaintiff,**

v.

**UNITED STATES, Defendant.**

Slip Op. 97–119.
Court No. 92–06–00380.

United States Court of International Trade.

Aug. 22, 1997.

---

114. Tr. Rudolph Trial Test. at 444–45, Ct. Doc. #179.

115. Esserman Prelim. Inj. Test., Hr'g Exs. and Docs., Vol. 2, Tab 38 at 235–237.

116. *Id.* at 235–6.

**334**

David P. Schulingkamp, New Orleans, LA, for plaintiff.

Frank W. Hunger, Assistant Attorney General of the United States, Joseph I. Liebman, Attorney–in–Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (James A. Curley); Edward

N. Maurer, Office of the Assistant Chief Counsel, United States Customs Service, of Counsel, for defendant.

## OPINION

CARMAN, Chief Judge.

Defendant moves this Court pursuant to U.S. CIT R. 59(e) and 60(a) and (b) to amend the Judgment Order issued in *Rheem Metalurgica S/A, formerly Rheem Empreendimentos Industriais E Comerciais S.A. v. United States,* 951 F.Supp. 241 (CIT 1996) ("*Rheem*") to include interest, pursuant to 19 U.S.C. § 1505(c) (1988), from a date beginning fifteen days after each of the nine entries at issue was deemed liquidated by operation of law until the date plaintiff is notified of the amount of duties, if any, that are due. Alternatively, defendant moves this Court to exercise its equitable powers to amend the Judgment Order to include prejudgment interest from October 29, 1993, the date the defendant filed its counterclaim in this matter.

Plaintiff opposes defendant's motion, and moves this Court to withdraw the Judgment Order entered in *Rheem.* In the alternative, plaintiff argues 19 U.S.C. § 1677g (1988) is the statutory provision this Court should examine in determining whether the defendant is entitled to receive interest in connection with this Court's Judgment Order.

## DISCUSSION

■ Initially, the Court notes it has jurisdiction to decide the government's motion, which was filed on January 17, 1997, despite the fact plaintiff has filed an appeal on this matter with the United States Court of Appeals for the Federal Circuit. *See Rheem Metalurgica S/A, formerly Rheem Empreendimentos Industriais E Comerciais S.A. v. United States,* 951 F.Supp. 241 (CIT 1996), *appeal docketed,* No. 97–1256 (Fed.Cir. Mar. 6, 1997). Fed.R.App.P. 4(a) provides

(4) If any party files a timely motion of a type specified immediately below, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision

applies to a timely motion under the Federal Rules of Civil Procedure:

. . . .

(C) to alter or amend the judgment under Rule 59.

Fed.R.App.P. 4(a). In construing Fed. R.App.P. 4(a), the United States Supreme Court noted the filing of a motion under Fed.R.Civ.P. 59 "render[s] the underlying judgment nonfinal both when filed before an appeal is taken (thus' tolling the time for taking an appeal), and when filed after the notice of appeal (thus divesting the appellate court of jurisdiction)." *Stone v. I.N.S.,* 514 U.S. 386, 402–03, 115 S.Ct. 1537, 1548, 131 L.Ed.2d 465 (1995). *See also Osterneck v. Ernst & Whinney,* 489 U.S. 169, 177–79, 109 S.Ct. 987, 990–92, 103 L.Ed.2d 146 (1989) (timely motion for prejudgment interest under Rule 59(e) suspends finality of judgment and renders null any notice of appeal filed before its resolution); *cf. Acosta v. Louisiana Dep't of Health and Human Resources,* 478 U.S. 251, 254, 106 S.Ct. 2876, 2878, 92 L.Ed.2d 192 (1986) (Fed.R.App.P.4(a) interpreted "as establishing the rule that a notice of appeal is ineffective unless filed after entry of judgment on a Rule 59 motion or any of the other motions to which the subdivision applies"). Based on this authority, the Court determines it has jurisdiction to decide defendant's motion made pursuant to U.S. CIT R. 59(e) to amend this Court's Judgment Order to include interest.

■ In evaluating the alternative statutory provisions advanced by the parties, the Court concludes it would be inappropriate to amend the Judgment Order to include interest because neither the provision advanced by the government nor the provision advanced by plaintiff addresses the precise circumstances of the situation at issue in this matter. The statutory provision advanced by the defendant provides

**(c) Duties due upon liquidation or reliquidation; delinquency; interest**

Duties determined to be due upon liquidation or reliquidation shall be due 15 days after the date of that liquidation or reliquidation, and unless payment of the duties is received by the appropriate customs officer within 30 days after that date, shall be considered delinquent and bear interest from the 15th day after the date of liquidation or reliquidation at a rate determined by the Secretary of the Treasury.

19 U.S.C. § 1505(c) (1988).

In analyzing whether 19 U.S.C. § 1505(c) is applicable in this matter, the Court makes several observations. The plain language of 19 U.S.C. § 1505(c) entitles the government to interest if the goods at issue are liquidated or reliquidated and the assessed duties are not paid within thirty days of liquidation or reliquidation. That situation has not occurred with respect to either Customs' liquidations of the nine entries at issue in 1989 or the liquidation of the nine entries by operation of law on the fourth anniversary of their entry into the United States.

First, as the Court noted in *Rheem,* the Customs Service liquidated the nine entries at issue in 1989. *See Rheem,* 951 F.Supp. at 244. Indeed, the parties do not dispute the entries in issue were liquidated by the Customs Service in 1989. (*See* Def.'s Resp. to Pl.'s Stmt. of Mater. Facts not in Dispute at 3 (stating the entries were "liquidated after the[ ] fourth anniversary [of their entry into the United States]").) Following the denial of its protest, plaintiff paid the duties assessed by the Customs Service and any interest due. This ·payment was required before the Court could exercise its jurisdiction in this matter over plaintiff's challenge of Customs' denial of its protest. *See* 28 U.S.C. § 2637(a) (1988) ("A civil action contesting the denial of a protest under section 515 of the Tariff Act of 1930 may be commenced in the Court of International Trade only if all liquidated duties, charges, or exactions have been paid at the time the action is commenced . . . ."). The parties do not dispute the plaintiff has paid those duties assessed and any interest due in connection with Customs' liquidation of the entries at issue in 1989. *See* Compl. ¶ 4 ("Plaintiff has paid all liquidated duties in the manner and within the time required by law."); Answer ¶ 4 ("Admits."). Because plaintiff has paid the duties assessed and any interest that was due following Customs' 1989 liquidation of the entries at issue, the Court determines the defendant is not entitled to interest pursuant

to 19 U.S.C. § 1505(c) in connection with Customs' liquidation of the entries in 1989.

Additionally, 19 U.S.C. § 1505(c) is implicated by this Court's holding that the nine entries became liquidated by operation of law on the fourth anniversary of their entry into the United States. *See Rheem,* 951 F.Supp. at 251 (holding preliminary injunction entered by this Court did not suspend liquidation of the nine entries at issue, and therefore those entries became liquidated by operation of law on the fourth anniversary of their entry into the United States). In order to effectuate the determination the nine entries at issue became liquidated by operation of law, this Court ordered Customs to reliquidate the entries at a rate equal to the duties declared by the importer on the entry documents submitted to the Customs Service when the goods entered into the United States. *See id.* at 252. Through reliquidation of the entries, the duties which were due when the nine entries at issue became liquidated by operation of law will be collected and Customs' 1989 liquidation will be superceded and nullified.

While 19 U.S.C. § 1505(c) entitles the government to interest when merchandise is reliquidated and the assessed duties are not paid within thirty days of reliquidation, that situation is not present in this matter because the reliquidation has yet to occur. While the government may be entitled to receive interest pursuant to 19 U.S.C. § 1505(c) at some future date following Customs' reliquidation of the nine entries at issue, in order for that to occur, the nine entries at issue must be reliquidated and thirty days must pass without the plaintiff paying the duties assessed at reliquidation. Because those facts have not occurred in this matter, defendant is not entitled to receive interest pursuant to 19 U.S.C. § 1505(c).

■ In the alternative, the government requests this Court exercise its equitable powers and award the government prejudgment interest from October 29, 1993, the date the government filed its counterclaim in this matter. (*See* Def.'s Mot. to Amend J. Order

at 3 (citing *United States v. Imperial Food Imports,* 834 F.2d 1013, 1016 (Fed.Cir.1987) ("[I]t is well established that in cases such as this in which no statute specifically authorizes an award of prejudgment interest, such an award lies within the discretion of the court as part of its equitable powers.") (further citations omitted)).) The Court declines to exercise its equitable powers in this matter because neither party was aware the entries became liquidated by operation of law prior to Customs' attempted liquidation in 1989. Because plaintiff paid the assessed duties following Customs' then apparently proper liquidation of the entries in 1989, the Court does not believe it would be equitable to assess prejudgment interest against plaintiff.

In response to the government's motion for interest penalties, plaintiff contends the Court should withdraw its Judgment Order. The Court does not find the arguments made in plaintiff's motion papers persuasive. The Court remains convinced that the plaintiff had notice of the preliminary and final determinations in Commerce's countervailing duty investigation, and in listing the countervailing duty investigation number on the entry documents and posting bonds at rates determined by the preliminary and final determinations to cover potential liability for countervailing duties plaintiff "asserted" those duties at the time of entry. When the nine entries were liquidated by operation of law pursuant to 19 U.S.C. § 1504(d), they were liquidated at an amount which included both regular duties paid by the plaintiff at the time of entry and countervailing duties asserted by the plaintiff at the time of entry. While it conceivably could be argued that by posting bonds at rates determined by the preliminary and final countervailing duty investigations plaintiff was merely acknowledging a potential and at the time indeterminate liability for countervailing duties,[1] the Court found plaintiff's actions constituted an assertion which subjected plaintiff to liability for countervailing duties when the entries became liquidated by operation of law pursuant to 19

---

1. While neither party raised this argument in the course of this proceeding, the Court includes this

argument *sua sponte.*

U.S.C. § 1504(d). Because the Court continues to believe its reasoning and analysis in *Rheem* are sound, it declines to withdraw the Judgment Order entered in *Rheem.*

The Court will, however, address plaintiff's alternative argument contending any interest awarded to the defendant should be made pursuant to 19 U.S.C. § 1677g(a). The statute provides

Interest shall be payable on overpayments and underpayments of amounts deposited on merchandise entered, or withdrawn from warehouse, for consumption on and after—

(1) the date of publication of a countervailing or antidumping duty order under this subtitle or section 1303 of this title, or

(2) the date of a finding under the Antidumping Act of 1921.

19 U.S.C. § 1677g(a) (1988).

In *Timken Co. v. United States,* 37 F.3d 1470 (Fed.Cir.1994) (*"Timken"*), the Federal Circuit held an importer who posted a bond in connection with certain entries has no obligation to pay interest pursuant to 19 U.S.C. § 1677g. The Court's opinion notes "the requirement to make cash deposits of estimated duties, under the duty order, triggers the interest provision. Without the duty order, the importer has no obligation to make a cash deposit and consequently no obligation to pay interest." *Timken,* 37 F.3d at 1477. *But cf. American Hi–Fi Intern., Inc. v. United States,* 936 F.Supp. 1032 (CIT 1996) (holding importer is liable for interest assessment on underpayment of antidumping duties pursuant to 19 U.S.C. § 1677g(a) where Commerce initially waived antidumping duty order's cash deposit requirement due to zero margin but determined significant dumping margin existed in later administrative review).

Similar to the facts involved in *Timken, see* 37 F.3d at 1477, the nine entries at issue in this matter entered the United States between February 16, 1984 and June 15, 1984, prior to the issuance of a countervailing duty order. *See Rheem,* 951 F.Supp. at 243. The countervailing duty order addressing the merchandise at issue in this matter, however, was not published until June 22, 1984, one week after the date of the last entry. *See Countervailing Duty Order; Certain Carbon Steel Products From Brazil,* 49 Fed.Reg. 25,655 (Dep't Comm.1984). Because the relevant countervailing duty order was not published prior to the entry of the merchandise at issue in this matter, plaintiff was not obligated to make a cash deposit on any of the nine entries at issue, and indeed, posted bonds as security on the nine entries. Based on these facts, this Court determines the plaintiff has no obligation to pay interest on the nine entries pursuant to 19 U.S.C. § 1677g. *See Timken,* 37 F.3d at 1476, 1477 ("Section 1677g(a)'s 'amounts deposited' language does not encompass bonds." "In order to be liable for or entitled to interest under section 1677g(a), exporters must have made cash deposits of estimated duties.").

Based on this analysis, the Court determines the government may not collect interest on the entries at issue pursuant to 19 U.S.C. § 1505(c) or 19 U.S.C. § 1677g(a). The Court concludes neither statutory provision contains language relevant to the facts involved in this matter. Accordingly, the motions submitted by the parties are denied.

### ORDER

This case having been submitted for decision, and after due deliberation it is hereby

**ORDERED** that defendant's Motion to Amend the Judgment Order issued in *Rheem Metalurgica S/A, formerly Rheem Empreendimentos Industriais E. Comerciais S.A. v. United States,* 951 F.Supp. 241 (CIT 1996) is denied; and it is further

**ORDERED** that plaintiff's Motion to Withdraw or Amend the Judgment Order issued in *Rheem Metalurgica S/A, formerly Rheem Empreendimentos Industriais E. Comerciais S.A. v. United States,* 951 F.Supp. 241 (CIT 1996) is denied.