Slip Op. 01 - 85

UNITED STATES COURT OF INTERNATIONAL TRADE

- - - - - - - - - - - - - - - - - - - - -x

NORTH AMERICAN FOREIGN TRADING CORP.,:

                          Plaintiff,  :

               v.                     :    Court Nos. 81-09-01205-S-1
                                                      82-04-00531-S
                                      :               85-04-00470
THE UNITED STATES,                                    88-02-00074
                                      :
                          Defendant.  :
                                      :
- - - - - - - - - - - - - - - - - - - - -x


                          Memorandum

[Upon cross-motions, summary judgment
 in part for the defendant.]

                          Decided:  July 10, 2001


     Fitch, King & Caffentzis (Richard C. King) for the plaintiff.

     Stuart E. Schiffer, Acting Assistant Attorney General, Joseph
I. Liebman, Attorney in Charge, Commercial Litigation Branch, Civil
Division, U.S. Department of Justice (James A. Curley); and Office
of the Assistant Chief Counsel, U.S. Customs Service (Karen P.
Binder and Edward N. Maurer), of counsel, for the defendant.


          AQUILINO, Judge: By stipulation dated December 2000, the

parties agreed (with the consent of the court) to add action No.

82-04-00531-S to the above-numbered matters encompassing issues

left over from a generation of protest and litigation involving

sundry timepieces designed to track Earth's rotation into this 21st

century, if not diminish or avoid the reach of the Tariff Act of

1930, as amended.  E.g., Texas Instruments Inc. v. United States,

82 Cust.Ct. 272, C.D. 4810, 475 F.Supp. 1183 (1979), aff'd, 67 CCPA 59, C.A.D. 1244, 620 F.2d 269 (1980); Texas Instruments Inc. v. United States, 82 Cust.Ct. 287, C.D. 4811, 475 F.Supp. 1193 (1979), aff'd, 67 CCPA 57, C.A.D. 1243, 620 F.2d 272 (1980); Texas Instruments Inc. v. United States, 1 CIT 236, 518 F.Supp. 1341 (1981), aff'd, 69 CCPA 136, 673 F.2d 1375 (1982); Belfont Sales Corp. v. United States, 11 CIT 541, 666 F.Supp. 1568 (1987), reh'g denied, 12 CIT 916, 698 F.Supp. 916 (1988), aff'd, 878 F.2d 1413 (Fed.Cir. 1989); Marcel Watch Co. v. United States, 16 CIT 474, 795 F.Supp. 1199 (1992), aff'd, 11 F.3d 1054 (Fed.Cir. 1993); World Forum Watch, Ltd. v. United States, 20 CIT 890, reh'g denied, 20 CIT 1205 (1996), rev'd, 121 F.3d 727 (Fed.Cir. 1997). Horologically, the goods at bar in these four actions, which remain predicated upon entries into the United States many moons ago, are "clocks" rather than "watches".

I

Plaintiff's complaint in the first-numbered action, for example, was that all of its merchandise was properly classified under item 688.45 of the Tariff Schedules of the United States ("TSUS") ("Electrical articles and electrical parts of articles, not specially provided for . . . Other . . . . . . 5.3% ad val.") as opposed to the classification by the U.S. Customs Service under TSUS Schedule 7, including item 715.15 ("Clocks: With watch movements; or with clock movements measuring less than 1.77 inches in width"), with the rates of duty 12.7 percent *ad valorem* on the

casing plus 36 cents on the movements.  In addition to standing by this Customs classification, defendant's answer asserts four "contingent counterclaims" and a "fifth contingent claim" under TSUS items 715.15, 720.06 and 720.34; 715.15, 720.14 and 720.34; 715.31; or 715.51; or 678.50 "[i]f the Court finds that the imported merchandise was not correctly classified under items 760.05, 774.55 and 715.15, TSUS"[1].

Subsequent to the commencement of the above-listed actions and to such joinder of issue, the courts in <u>Marcel Watch Co. v. United States</u>, <u>supra</u>, resolved the electric/tronic-clocks-classification controversy essentially in the government's favor -- in contrast with their decisions in the protracted controversy over imported electronic wristwatches at issue, for example, in <u>Belfont Sales Corp. v. United States</u>, <u>supra</u>.  In fact, that watch action was pleaded as a predicate to plaintiff's complaints herein.[2]  That judicial settlement of issues has brought forth a motion by the defendant for summary judgment, praying that plaintiff's complaints be dismissed; that its second contingent counterclaim be granted[3];

---

[1] Defendant's Answer in Court No. 81-09-01205-S-1, p. 2.  The effect of grant of one or more of these alternative, contingent counterclaims would be to increase the duties owed by the plaintiff.

[2] <u>See</u>, <u>e</u>.<u>g</u>., plaintiff's complaint in Court No. 81-09-01205-S-1, paras. 15, 16.

[3] The "United States concedes that the movement should not be classified under item 720.02, but rather . . . under 720.14, TSUS, the second alternative classification asserted in the counterclaim in its answer."  Defendant's Brief, p. 4.

that the subject clocks, including their movements and cases be

reliquidated under TSUS items 715.15, 720.14 and 720.34; and that

> plaintiff pay to the defendant the increase in duty
> assessed upon reliquidation of the imported merchandise
> which is subject to the counterclaim, including interest
> in accordance with 28 U.S.C. § 1961(a) and (b), from the
> dates the answers asserting the counterclaims were filed
> until the date the duties are paid . . ..

The motion is accompanied by an obligatory statement of facts as to

which the movant contends there is no genuine issue to be tried.

It represents, in pertinent part:

> 1. The imported merchandise . . . . consists of a
> quartz analog clock, two ball-point pens, and a stand
> that has holders for the pens and a slot into which the
> clock may be inserted.  The clock may be removed from the
> holder and used separately.

> 2. Each of these three elements of the merchandise
> retains its separate name, use, and character in the
> imported merchandise and is not subordinated to the
> identity of the combination.

> 3. Each of these three elements is classifiable
> separately.

*   *   *

> 9. Only the clock portion of the imported mer-
> chandise is in issue in this case.

> 10. The clock portion of the merchandise contains a
> movement measuring less than 1.77 inches in width and
> more than one-half (0.5) inch in thickness.  The movement
> is a clock movement for tariff purposes.

> 11. The value of the movement is over $2.25 but not
> over $5 each.

> 12. The movement is neither "Constructed or designed
> to operate for over 47 hours without rewinding" nor "Not
> constructed or designed to operate for over 47 hours
> without rewinding," within the meaning of the superior
> headings to items 720.06 through 720.09 and 720.02
> through 720.04, TSUS, respectively.

13. If imported separately, the movement would be properly classifiable as other clock movements, valued over $2.25 but not over $5, under item 720.14, TSUS, dutiable at 34 cents each plus 14.8% ad val., plus 5.7 cents for each jewel, if any.

14. The case is a clock case and, if imported separately, would be properly classifiable as "Clock cases . . . Other . . . Other" under item 720.34, TSUS, dutiable at 12.7% ad val.

15. The clock portion of the merchandise (including the case) is dutiable at 34 cents each plus 14.8% ad val., plus 5.7 cents for each jewel, in the movement, plus 12.7% ad val. for the case.

The plaintiff responds with a cross-motion for summary

judgment,

dismissing Court No. 85-04-00470, and overruling defendant's claims for pre-judgment interest as to all entries; and further ordering that entries 80-135546, 80-135693, 80-135929, and 81-782106 . . . be reliquidated . . . with duties on the "movements" under Item 720.14, TSUS, at 34¢ each plus 14.8% ad val., as claimed by defendant.

The plaintiff admits paragraphs 1 through 14 of Defendant's

Statement of Facts Not in Dispute, quoted in part above, and offers

the following factual averments of its own:

15. Entry 81-179819, dated 4/16/81, was liquidated on 6/11/82, more than one year after entry, and timely protested under protest 1001-2-009191.

16. The same entry was subsequently protested under protest 1001-2-009820, which also covered the same category of merchandise (pens) as was covered by the first protest, 1001-2-009191.

17. Protest 1001-2-009191 was approved, and the entry was reliquidated on 4/25/83.

18. No further protest was filed subsequent to the reliquidation.

19. Summons No. 85-04-00470 was filed against the second protest.

Plaintiff's Statement of Material Facts Not in Dispute. Paragraphs 18 and 19 are admitted by the defendant without reservation; paragraph 17 is admitted, subject to the claim that the only category of merchandise covered by the specified protest was pens, while defendant's admission of paragraph 16 is conditioned upon an averment that the second numbered protest covered categories in addition to pens, including quartz clocks, movements and cases.[4] Finally, the defendant denies that entry 81-179819 was liquidated more than one year after entry[5], and it proffers more facts. See generally Defendant's Additional Statement of Material Facts Not in Dispute.

A

This court has perused the foregoing submissions and the written legal arguments presented in conjunction therewith and concurs in the parties' fundamental position that the above-listed actions are now susceptible to disposition by summary judgment. That is, there are no material facts as to which there exists a genuine issue to be tried within the meaning of CIT Rule 56(h), as amended January 25, 2000.

The court's jurisdiction to decide the cross-motions is pursuant to 28 U.S.C. §§ 1581(a) and 2631(a).

---

[4] See Defendant's Response to Plaintiff's Statement of Material Facts Not in Dispute.

[5] See id., para. 15.

II

To address plaintiff's motion first, in the light of Marcel Watch Co. v. United States, supra, the court concurs that entries 80-135546, 80-135693, 80-135929, 80-711255, 81-179819 and 81-782106, which form the basis of three of the numbered actions herein, can be reliquidated under items 715.15, 720.14 and 720.34 of the TSUS in effect on their respective dates.

As for the fourth-numbered action, the plaintiff takes the position that this court "has no jurisdiction over Court No. 85-04-00470, covering protest 1001-2-009820"[6] since it claims to have filed two protests for entry no. 81-179819 for the same category of merchandise.  Its first protest was approved and led to a refund of duties paid on pens.  Plaintiff's second protest, concerning the classification of the imported articles in their entirety, was denied.  The plaintiff now argues that the second protest was invalid because it involved the same merchandise as the first.  See Plaintiff's Memorandum, pp. 2-3.  The governing statute provided that only

> one protest may be filed for each entry of merchandise, except that where the entry covers merchandise of different categories, a separate protest may be filed for each category.

---

[6] Plaintiff's Memorandum, p. 2.  Plaintiff's complaint requested reliquidation of any movements at 5.3 percent *ad valorem*, a lower rate than that liquidated initially (36¢ each).  However, the holding in Marcel Watch Co. v. United States, 16 CIT 474, 795 F.Supp. 1199 (1992), aff'd, 11 F.3d 1054 (Fed.Cir. 1993), favors reliquidation at 34 cents each plus 14.8 percent *ad valorem* -- or more than that already paid.  If the court's jurisdiction has not attached to the entry in question, of course it could not direct Customs to reliquidate at the higher rate.

19 U.S.C. §1514(c)(1).  See also Webcor Electronics v. United States, 79 Cust.Ct. 137, 442 F.Supp. 95 (1977).  Hence, while two protests may not be filed for the same category of merchandise, "it is clear that [the statute] permits importers to file separate protests where the entry covers merchandise of different categories".  Minox Corp. d/o Berkey Photo, Inc. v. United States, 77 Cust.Ct. 110, 111 (1976).

The defendant points out that the approved first protest was only for the "refund of duty paid on pens . . . manufactured in the U.S.A.".  Defendant's Additional Statement of Material Facts Not in Dispute, para. 18, quoting Protest No. 1001-2-009191 (Aug. 24, 1982).  The protest referred to in Court No. 85-04-00470 does not involve duties levied on those American pens.  Instead, it states:

> Protest is hereby made against your classification and assessment of duties on quartz clocks under item 715.15, TSUS, with duty on the "movements" at the rate of 34¢ each under item 720.02, TSUS, or on "cases" at the rate of 11% ad val. under item 720.34, TSUS, or on pens at the rate of 1.7¢ each + 11.5% ad val.

Protest No. 1001-82-009820 (Sept. 9, 1982).  While the second protest does refer to the pens, it is evident from the complaint in Court No. 85-04-00470 that the controversy is over the classification of the clocks.  That is, the court cannot and therefore does not find that the second protest duplicated the first one.  Accordingly, the court concludes that the second protest was properly filed, and jurisdiction pursuant to 28 U.S.C. §§ 1581(a) and 2631(a) has therefore attached.

III

The plaintiff argues that the award of prejudgment interest to the government upon reliquidation would be improper since statutory amendments providing for such interest were not enacted until after the entries had been filed, liquidated and protested.  It also claims that it has not incurred any contractual liability which would necessitate an award of such interest.

The defendant responds that an award of prejudgment interest would be appropriate for two reasons:  (a) although the plaintiff was notified of defendant's expectation of additional duties and interest on the clocks when the answers with counterclaims were served and filed and their correct classification was decided by <u>Marcel Watch Co</u>., <u>supra</u>, the plaintiff did not timely acquiesce under those circumstances; and (b), in the absence of an award, the plaintiff will have enjoyed an interest-free loan on the difference in duties due on its entries. <u>See</u> Defendant's Opposition to the Cross-Motion for Summary Judgment, and Reply Brief in Support of Its Motion for Summary Judgment, p. 5.

It is well-settled that, in the absence of statutory authority, prejudgment interest may be awarded in the sound discretion of the court.  <u>E.g</u>., <u>United States v. Imperial Food Imports</u>, 834 F.2d 1013, 1016 (Fed.Cir. 1987); <u>Rheem Metalurgica S.A. v. United States</u>, 21 CIT 963, 966, 978 F.Supp. 333, 336 (1997), <u>aff'd</u>, 160 F.3d 1357 (Fed.Cir. 1998).  Typically, such

awards have been governed by considerations of equity and fairness. See, e.g., United States v. Imperial Food Imports, 834 F.2d at 1016, quoting United States v. Goodman, 6 CIT 132, 140, 572 F.Supp. 1284, 1289 (1983).  When the amount of damages has been uncertain, however, courts have denied that kind of an award.  See, e.g., Eastern Air Lines, Inc. v. Atlantic Richfield Co., 712 F.2d 1402, 1410 (Temp.Emer.Ct.App.), cert. denied, 464 U.S. 915 (1983).

The classification of the kind of clocks herein remained genuinely controverted at least until the final appeal in the linchpin case Marcel.  And the plaintiff did alter its approach to focus on its procedural stance unrelated to its classification claim once the court of appeals had concluded that substantive matter.  And the defendant now admits to having misclassified the movement(s).  In short, in the interest of laying this potentially-eternal litigation equitably to rest, given the shortcomings of record on all sides the court declines to exercise its prerogative of awarding any prejudgment interest at this time.

IV

In light of the foregoing, defendant's motion for summary judgment should be granted to the extent that all of the entries at issue herein be reliquidated under TSUS items 715.15, 720.14 and 720.34.  Judgments will enter accordingly.

Decided: New York, New York
        July 10, 2001

_____
                                   Judge

Slip Op. 01-85 *Errata*

North American Foreign Trading Corp. v. United States
Court No. 81-09-01205-S-1 etc.

 

The word "classified" at the end of line 17 on page 2 should better be "classifi*able*".

Delete "81-179819" from line 3 on page 7.

Change the protest number in line 21 on page 8 to 1001-2-009820.

Dated:  New York, New York
        July 11, 2001